# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8909 | **DATE** | 11/20/12 |
| **CASE TITLE** | Jeremy Prince (#2012-0913001) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The Court assesses an initial partial filing fee of $9.30. The trust fund account officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund account officer at the Cook County Jail. On the Court's own motion, Steven C. Armbruster, Vrdolyak Law Group, 9618 South Commercial Avenue, Chicago, IL 60617, tel: 773 731 3311, is appointed to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel shall enter an appearance and inform the Court whether he intends to proceed with the current complaint or submit an amended one, if an amended complaint comports with his duties under Fed. R. Civ. P. 11. The clerk shall forward a copy of the complaint to counsel, along with this order. The "Cook County Jail Staff" is dismissed as a Defendant.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Jeremy Prince, currently incarcerated at Cook County Jail, has filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart and "Cook County Jail Staff." Plaintiff alleges that he entered the jail on September 23, 2012, with a gunshot injury and that jail officers and personnel have ignored his requests to see a doctor or receive a wheelchair. Plaintiff states that he is unable to use one leg and one arm and that he must crawl to use a bathroom or move inside the jail.

The Court finds that Plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $9.30. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the payment of the filing fee, and Cook County Jail inmate trust account officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

    The Court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff cannot proceed against "Cook County Jail Staff" as such a group of individuals is not a suable entity that can be named as Defendant. *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993) (neither the Cook County Jail nor its "Mail Room Dept." are entities separate from Cook County that can be named as Defendant). The "Cook County Jail Staff" is dismissed as a Defendant. As to Tom Dart, however, Plaintiff has stated a colorable cause of action. The Court notes that, while Plaintiff lists a number of officers who have allegedly denied or ignored his repeated requests for medical attention and a wheelchair, Plaintiff does not name these individuals as Defendnats, but instead names Tom Dart. Plaintiff does not specify how Dart was involved, but his allegations that he daily wrote sick-call requests for two weeks that were ignored or denied suggest a custom or policy with not providing medical attention. *See Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009); *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002). Accordingly, the Court will allow the complaint to proceed against Tom Dart.

    Given the nature of Plaintiff's claims, the Court appoints Steven C. Armbruster, Vrdolyak Law Group, 9618 South Commercial Avenue, Chicago, IL 60617, tel: 773 731 3311, to represent Plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g) and 83.37. Within 30 days of the date of this order, counsel should enter an appearance and, after communicating with Plaintiff, inform the Court whether he intends to proceed with the original complaint or file an amended one, if such a complaint is within his duties under Fed. R. Civ. P. 11.